## S. R. PERROW *v.* THE STATE.

CRIMINAL LAW.  *Obstructing the course of justice.  Indictment.  Case in judgment.*
    Under § 2976, code 1880, which makes punishable as for a misdemeanor
    any attempt to impede the administration of justice, where the proof is
    that the accused aided a person to elude the sheriff who was seeking to
    serve an attachment against him as a defaulting witness, a conviction will
    not be set aside merely because the indictment charged, by way of induce-
    ment, that the witness had been subpœnaed and made no mention of the
    attachment; provided it sufficiently charged the essential fact that the
    accused counseled the witness not to appear, and aided him to avoid the
    officer.

FROM the circuit court of Pike county.

HON. J. B. CHRISMAN, Judge.

The appellant was indicted under § 2976, code 1880, for attempting to obstruct the course of justice. The section is as follows:—

"If any person, by threats or force, attempts to intimidate or impede a judge, justice of the peace, juror, witness, or any officer in the discharge of his duty, or to obstruct or impede the adminis-

tration of justice in any court, he shall, upon conviction, be punished as for a misdemeanor."

The indictment charges "that J. J. Goss was indicted for murder by the grand jury at the April term, 1889, sitting in and for said county of Pike, and that one S. F. Perrow was a material witness on behalf of defendant, J. J. Goss, and that said S. F. Perrow was duly summoned to appear before the Hon. circuit court of Pike county at its April term, 1889, on the 20th day of April, 1889, and to appear from day to day and from term to term of said court until discharged by law; and so the grand jurors upon their oaths do further present that S. R. Perrow, late of the said county, on the 24th day of April, 1889, in the county aforesaid, unlawfully and wilfully did then and there attempt to obstruct and impede the trial of said cause, to wit, the *State of Mississippi* v. *J. J. Goss* charged with murder, by then and there counselling, advising and secreting said witness, S. F. Perrow, to remain away from and absent himself as a witness on behalf of said J. J. Goss, when said case was called for trial in aforesaid court, and by virtue of said counselling and advising to the said S. F. Perrow, given by the said S. R. Perrow, said S. F. Perrow failed to answer as a witness as aforesaid, when said cause was duly called in court, against the peace and dignity of the State of Mississippi."

It was shown upon the trial of appellant that his son, S. F. Perrow, was a material witness for Goss, who was being tried upon an indictment for murder; that the subpœna had been duly served upon him, but he had failed to appear, and, the case being postponed, an attachment was issued for him and placed in the hands of the deputy sheriff, who went to appellant's house to find the said witness and serve the attachment; that appellant lived less than a mile from the Louisiana line, and after the deputy sheriff had ineffectually searched appellant's house, at or near which his son was secreted, and while he was still looking for the witness in the neighborhood, the appellant conveyed his son into the state of Louisiana, and thus eluded the pursuit of the officer.

The main facts as above stated were admitted by the accused on the trial. He was convicted and sentenced to thirty days' imprison-

ment, and to pay a fine of $50, and after a motion for a new trial overruled, appeals to this court.

*W. P. Cassedy*, for appellant.

The defendant was indicted for advising, counselling and secreting S. F. Perrow, from appearing as a witness, and the indictment alleges that by virtue of said counselling and advising of the said S. F. Perrow, given by the said S. R. Perrow, the former failed to answer as a witness. It alleges that S. F. Perrow had been duly subpœnaed, and on being called failed to answer. The charge must have reference to non-appearance to the subpœna, and his plea of not guilty put in issue whether defendant counselled, advised and secreted S. F. Perrow from appearing in response to the subpœna. There is no evidence to sustain this issue. On the trial the entire evidence was directed to prove that he had concealed, advised and secreted the witness from an attachment. The attachment was not referred to in the indictment, and it gave him no notice that he was going to be held for any action of his on this account. He was indicted for one thing, and tried and convicted for another.

*T. M. Miller*, attorney-general, for the state.

There is no dispute that the defendant was guilty of the essential crime charged, to wit, aiding, counselling and secreting his son, so as to impede and obstruct the Goss trial. The point made here is that the proof only showed that he ran his son off from an attachment instead of a subpœna as charged in the indictment. The fact is, however, the witness was in default on the subpœna, and the attachment was only designed to effectuate that summons. There was no material variance between the allegations and the proof, even were there nothing in the evidence in relation to the subpœna. It was sufficiently proved, however, that the defendant was aiding his son in avoiding that, and the evidence touching the subpœna was cumulative at most. The defendant was properly convicted.

COOPER, J. delivered the opinion of the court.

The position of counsel for appellant that the conviction must

be set aside because the defendant was indicted for aiding, inciting and advising the witness not to appear in answer to a subpœna, and the evidence shows that he aided, incited and advised the witness not to permit an attachment to be served upon him as a defaulting witness, is without merit.   The gist of the offense is in obstructing the course of public justice, by counselling the witness not to appear, and in assisting him to elude the officer of the law. The averment in the indictment that the witness had been subpœnaed was mere matter of inducement.   The subpœna had performed its function when it was served upon the witness; the duty of the witness was thereby fixed to attend upon the court in conformity with its order, and if thereafter the appellant did any act to prevent his attendance, he was guilty of obstructing the course of justice and punishable therefor.

Bishop on Crim. Law § 468; *State* v. *Keyes,* 8 Vt. 57; 3 Chitty on Crim. Law 235.

*Judgment affirmed.*